UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| BMW AUTO SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RED WOLF LOGISTICS, LLC; JOHN DOE(S) (1-10); ABC BUSINESS ENTITIES (1-10) (fictitious names), <br><br> Defendant(s)/Third Party Plaintiff(s), <br><br> v. <br><br> JHD LOGISTICS, LLC; EXCELLENCE LIFESTYLE, LLC; RYION COOLEY; QUINTAE CONQUERS; CLIFFORD HUBBARD; JOHN DOE(S) (1-10); ABC CORP(S) (1-10) (fictitious names), <br><br> Third Party Defendant(s). | Civil Action No.: 1:21-cv-14647 (JHR) (SAK) |

**FIRST AMENDED ANSWER, DEFENSES, AND THIRD PARTY COMPLAINT, OF DEFENDANT, RED WOLF LOGISTICS, LLC, TO PLAINTIFF'S COMPLAINT**

Defendant, Red Wolf Logistics, LLC (hereinafter referred to as "Defendant" or "Red Wolf"), by way of First Amended Answer to the plaintiff's, BMW Auto Sales, Inc. ("Plaintiff"), Complaint hereby responds and says:

**PARTIS, JURISDICTION & VENUE**

1.　Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.　Admitted.

3.　Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

4. Denied.

## GENERAL ALLEGATIONS

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6. Admitted.

7. Denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

10. Denied.

11. Denied.

## COUNT ONE
## PROFESSIONAL NEGLIGENCE
### As to Defendant Red Wolf Logistics, LLC

12. Defendant, Red Wolf, hereby incorporates its answers to the proceeding paragraphs of the Complaint as if set forth at length herein

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

**WHEREFORE** Defendant, Red Wolf, hereby demands dismissal of the Complaint with prejudice, and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## COUNT TWO
### BREACH OF CONTRACT
### As to Defendant Red Wolf Logistics, LLC

19. Defendant, Red Wolf, hereby incorporates its answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

20. Denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

22. Denied.

23. Denied.

**WHEREFORE** Defendant, Red Wolf, hereby demands dismissal of the Complaint with prejudice, and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## COUNT THREE
### CONSUMER FRAUD
### As to Defendant Red Wolf Logistics, LLC

24. Defendant, Red Wolf, hereby incorporates its answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

26. Denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

28. Denied.

29. Denied.

30. Denied.

**WHEREFORE** Defendant, Red Wolf, hereby demands dismissal of the Complaint with prejudice, and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

### COUNT FOUR
### FICTITIOUS INDIVIDUALS AND ENTITIES
### As to Defendant JOHN DOE(S) (1-10) and ABC ENTITIES (1-10)

31. Defendant, Red Wolf, hereby incorporates its answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE** Defendant, Red Wolf, hereby demands dismissal of the Complaint with prejudice, and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## **SEPARATE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted, and Defendant reserves the right to move to dismiss.

2. Plaintiff's claims as against Defendant, as referenced in the Complaint, are barred in whole or in part, by the doctrine of laches.

3. Plaintiff's claims as against Defendant, as referenced in the Complaint, are barred in whole or in part, by the doctrine of waiver.

4. Plaintiff has not joined all parties necessary for the adjudication of this action, and Defendant reserves the right to move to dismiss.

5. Plaintiff's claims as against Defendant, as referenced in the Complaint, are barred in whole or in part, by the doctrine of accord and satisfaction.

6. Plaintiff's claims as against Defendant, as referenced in the Complaint, are barred in whole or in part, by the doctrine of estoppel.

7. Plaintiff's claims as against Defendant, as referenced in the Complaint, are barred in whole or in part, by the doctrine of unclean hands.

8. Defendant was not negligent.

9. Plaintiff's claims are barred in whole or in party by the Economic Loss Doctrine.

10. Defendant performed each and every duty owed to the Plaintiff, if any.

11. Recovery is barred or precluded by Plaintiff's own negligence.

12. Plaintiff's claims are barred, limited or diminished and reduced by the doctrine of comparative negligence under the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq*.

13. Plaintiff's claims are barred, limited or diminished and reduced by New Jersey's Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1, *et seq*.

14. Plaintiffs' claims are barred, limited or diminished and reduced by Plaintiff's failure to adhere to the strict notice requirements as set forth in the "Carmack Amendment", 49 U.S.C. §14706, *et seq*.

15. Defendant's claim and are entitled to assert any and all defenses available pursuant to any and all federal statutes and regulations, including, but not limited to, the "Carmack Amendment" as set forth at 49 U.S.C. §14706, *et seq.*

16. Defendant denies proximate cause.

17. Defendant denies any claim for strict liability, if any.

18. Defendant denies any claim for compensatory and/or punitive damages.

19. Defendant denies any and all claims for breach of contract.

20. Defendant denies any and all claims for Consumer Fraud and is entitled to assert any and all defenses available pursuant to any and all federal and state statutes and regulations, including, but not limited to, those as set forth in the Consumer Fraud Act, N.J.S.A. 56:8-2, *et seq.*

21. Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

22. Any and all damages alleged to have been suffered by the Plaintiff were caused solely by the negligence of independent third parties over whom this Defendant exerted no control.

23. Recovery is barred, precluded or diminished by Plaintiff's failure to mitigate damages.

24. This case is barred, in whole or in part, by the doctrine of avoidable consequences.

25. This case is barred, in whole or in part, by the entire controversy doctrine.

26. This case is barred, in whole or in part, by the doctrine of *res judicata*.

27. This case is barred, in whole or in part, by the doctrine of joint enterprise.

28. This case is barred, in whole or in part, because Plaintiff lacks standing.

29. This case is barred, in whole or in part, because the dispute is moot.

30. This case is barred, in whole or in part, by lack of jurisdiction.

31. The Summons, or service thereof, is defective and Defendant reserves the right to move to quash service of process of dismiss the Complaint.

32. This case is barred because of Plaintiff's failure to join an indispensable party without whom this action cannot proceed.

33. This action is barred because of insufficiency of process.

34. Plaintiffs' claims are barred in whole, or in part, by any and all applicable federal and state statutes and regulations pertaining to interstate commerce, trucking and cargo claims.

35. Platiniff, or plaintiff's authorized agent, signed a condition report and accepted the cargo "as is," and plaintiff is therefore barred from recovery.

36. The cargo was already in damaged condition at the time it was picked up by the answering defendant.

37. The cargo was already depreciated in value by virtue of the fact that it was rendered a total loss due to salt water flood damage.

38. Plaintiff's claim is barred in whole, or in part, by F.R.C.P. 11 (b), and, as presented, is frivolous, improper, intended to harass, is unwarranted, baseless and is lacking in evidentiary support, and as a result, Defendant is entitled to sanctions.

## FIRST AMENDED THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff, Red Wolf Logistics, LLC, by way of a First Amended Third Party Complaint, hereby says:

### FIRST COUNT
### Contribution

1. Third Party Defendant, JHD Logistics, LLC is, upon information and belief, a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 848 West Mitchell Street – Apt. 269A, Arlington, Texas 76014.

2. Third Party Defendant, Excellence Lifestyle, LLC is, upon information and belief, a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 848 West Mitchell Street – Apt. 269A, Arlington, Texas 76014.

3. Third Party Defendant, Ryion Cooley, upon information and belief, is a person and/or the owner of JHD Logistics, LLC and/or Excellence Lifestyle, LLC or any other entity(ies) who is domiciled with a principal residence located at 848 West Mitchell Street – Apt. 269A, Arlington, Texas 76014, who was involved in the transport of the 2020 Ford Explorer that is the subject of this case.

4. Third Party Defendant, Quintae Conquers, upon information and belief, is a person and/or the owner of JHD Logistics, LLC and/or Excellence Lifestyle, LLC or any other entity(ies) who is domiciled with a principal residence located at 848 West Mitchell Street – Apt. 269A, Arlington, Texas 76014, who was involved in the transport of the 2020 Ford Explorer that is the subject of this case.

5. Third Party Defendant, Clifford Hubbard, upon information and belief, is a person and/or the employee of JHD Logistics, LLC and/or Excellence Lifestyle, LLC or any other entity(ies) who is domiciled with a principal residence located at 3351 Highway 594 – Apt. 20, Monroe, Louisiana, who was involved in the transport of the 2020 Ford Explorer that is the subject of this case.

6. Third Party Defendant(s) were the actual person(s) or entity(ies) that contracted; transported and/or delivered the 2020 Ford Explorer to Plaintiff in this case as shown by the Bill of Lading.

7. There is factual information that indicates that the Third Party Defendant(s), jointly, severally and in the alternative, were improperly using Red Wolf Logistic's corporate identity for purposes of making deliveries and they were the actual party that handled the alleged delivery of the Vehicle.

8. Red Wolf Logistics, LLC denies any liability whatsoever, but they nonetheless assert that any and all injuries and damages sustained by Plaintiff are the proximate result of the negligence of other parties known or unknown, including, but not limited to the third party defendant(s), JHD Logistics, LLC; Excellence Lifestyle, LLC; Ryion Cooley; Quintae Conquers; and/or Clifford Hubbard, and Red Wolf hereby demands contribution pursuant to New Jersey's Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, *et seq.*; the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*, and/or the Carmack Amendment(s), 49 U.S.C. §14706, *et seq.*, from the third party defendant(s) for their proportionate share of any and all sums that may be adjudged against Red Wolf in this action.

**WHEREFORE** Defendant, Red Wolf, hereby demands dismissal of the Complaint with prejudice, and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## SECOND COUNT
### Indemnification

9. Red Wolf hereby incorporates its allegations to the preceding paragraphs of the First Amended Third Party Complaint as if fully set forth at length herein.

10. Although Red Wolf denies any liability whatsoever, they nonetheless assert that any and all injuries and damages sustained by the Plaintiff is the proximate result of the negligence of other parties known or unknown, including, but not limited to the third party defendant, JHD Logistics, LLC; Excellence Lifestyle, LLC; Ryion Cooley; Quintae Conquers; and/or Clifford Hubbard, whose negligence/liability was primary and active, and if Red Wolf is found liable to Plaintiff with respect to said injuries and damages, such liability resulted solely from secondary, imputed, vicarious or passive

negligence, and third party defendants aforesaid are liable to Red Wolf by way of common law indemnification, for any and all sums that Red Wolf may be required to pay in this action.

**WHEREFORE** Defendant, Red Wolf, hereby demands dismissal of the Complaint with prejudice, and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## THIRD COUNT
### Liability Under the Carmack Amendment

11. Red Wolf hereby incorporates its allegations to the preceding paragraphs of the cross claim as if fully set forth at length herein.

12. The Third Party Defendant(s), JHD Logistics, LLC; Excellence Lifestyle, LLC; Ryion Cooley; Quintae Conquers; and/or Clifford Hubbard, had a duty to deliver the cargo in the same condition as it was in when it was received by them.

13. Due to the negligence and/or legally culpable conduct and/or omissions of the Third Party Defendant(s), or other parties, the cargo was damaged during delivery.

14. Third Party Defendant(s) were aware that that they were responsible for the safe handling of the cargo during transit.

15. Third Party Defendant(s) are liable to Red Wolf for any and all alleged damages under the Carmack Amendment(s), 49 U.S.C. §14706, *et seq*.

**WHEREFORE** Defendant, Red Wolf, hereby demands dismissal of the Complaint with prejudice, and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## ANSWER TO ALL CROSSCLAIMS

Red Wolf, by way of answer to any and all cross claims, hereby says:

1. Red Wolf denies each and every allegation contained in any cross claims filed or to be filed, and therefore the cross claimants are left to their proofs.

## DEMAND FOR JURY TRIAL

Defendant, Red Wolf, hereby demands a trial by jury as to all issues.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other pending action. I know of no other parties to be joined at this time other than those named herein.

I am aware that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

*/s/ Marc R. Jones*

MARC R. JONES, ESQUIRE (NJ#016022001)
Attorneys for Defendants – Red Wolf Logistics, LLC
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
856-761-3800
mjones@c-wlaw.com

DATED: August 13, 2021

11