**UNITED STATES DISCTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| BMW AUTO SALES, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>RED WOLF LOGISTICS, LLC, JOHN DOES 1-10 (fictitious names), and ABC BUSINESS ENTITIES 1-10 (fictitious entities), j/s/a,<br><br>*Defendants.* | Hon. Joseph H. Rodriguez, U.S.D.J.<br>Hon. Sharon A. King, U.S.M.J.<br><br>Case No. 1:21-cv-14647-JHR-SAK<br><br>Civil Action<br><br>**DOCUMENT FILED ELECTRONICALLY**<br><br>Return Date: September 20, 2021 |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c), ON BEHALF OF PLAINTIFF BMW AUTO SALES, INC.

|  |  |
|---|---|
| | LENTO LAW GROUP, P.C.<br>JOSEPH D. LENTO, ESQUIRE<br>ATTORNEY ID: 013252008<br>3000 ATRIUM WAY – SUITE 200<br>MOUNT LAUREL, NEW JERSEY 08054<br>(T) (856) 652-2000<br>(F) (856) 375-1010 |
| Joseph D. Lento, Esq.<br>On the Brief | jdlento@lentolawgroup.com<br>*Attorney for Plaintiff, BMW Auto Sales, Inc.* |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................ i

TABLE OF AUTHORITIES ....................................................................... ii-iii

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................. 1-4

STANDARD OF REVIEW ........................................................................ 4-5

ARGUMENT

    POINT I

    THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1332 (DIVERSITY OF CITIZENSHIP) .............................................. 5-13

    A. THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331 AS PLAINTIFF'S CLAIMS DO NOT ARISE UNDER FEDERAL LAW..................................................... 6-8

    B. THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332 AS PLAINTIFF'S CLAIM FOR DAMAGES DOES NOT EXCEED THE AMOUNT IN CONTROVERSY THRESHOLDS ESTABLISHED BY 28 U.S.C. § 1332(a) AND BY THE 'CARMACK AMENDMENTS' AND 28 U.S.C. § 1337(a) ............................................................................ 8-13

CONCLUSION ........................................................................................... 13-14

# **TABLE OF AUTHORITIES**

## **Cases**

*Abels v. State Farm Fire & Cas. Co.*,
  770 F.2d 26 (3d Cir. 1985) ............................................................... 4

*Am. Fire & Cas. Co. v. Finn*,
  341 U.S. 6 (1951) ............................................................... 4

*Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*,
  835 F.3d 388 (3d Cir. 2016) ............................................................... 9, 11

*Boyer v. Snap-On Tools Corp.*,
  913 F.2d 108 (3d Cir. 1990) ............................................................... 4

*Carrington v. RCA Global Communications, Inc.*,
  762 F.Supp. 632 (D.N.J. 1991) ............................................................... 7

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ............................................................... 4

*Franchise Tax Bd. V. Constr. Laborers Vacation Trust*,
  463 U.S. 1 (1983) ............................................................... 7

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) ............................................................... 4, 11

*Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*,
  316 F.3d 408 (3d Cir. 2003) ............................................................... 9

*Gully v. First Nat'l Bk.*,
  299 U.S. 109 (1936) ............................................................... 6

*Johnson v. SmithKline Beecham Corp.*,
  724 F.3d 337 (3d Cir. 2013) ............................................................... 9

*Lincoln Ben. Life Co. v. AEI Life, LLC*,
  800 F.3d 99 (3d Cir. 2015) ............................................................... 9

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, ............................................................... 7

478 U.S. 804 (1986) ............................................................................

*Metropolitan Life Ins. Co v. Price*,
    501 F.3d 271 (3d Cir. 2007) ............................................................ 7

*Steel Valley Auth. v. Union Switch & Signal Div.*,
    809 F.2d 1006 (3d Cir. 1987) ........................................................... 4

*Swiger v. Allegheny Energy, Inc.*,
    540 F.3d 179 (3d Cir. 2008) ............................................................ 9

*TM Marketing, Inc. v. Art & Antiques Associates, L.P.*,
    803 F.Supp. 994 (D.N.J. 1992) ....................................................... 6,7,13

## **Statutes**

28 U.S.C. § 1331 ................................................................................... 5, 6

28 U.S.C. § 1332 ................................................................................... passim

28 U.S.C. § 1337(a) .............................................................................. 8, 12-13

28 U.S.C. § 1441(a) .............................................................................. 4

28 U.S.C. § 1446 ................................................................................... 4, 6

28 U.S.C. § 1447 ................................................................................... 4-5

48 U.S.C. §14706 .................................................................................. 6

49 U.S.C. §11706 .................................................................................. 6

N.J.S.A. 56:8-19 ................................................................................... 12-13

## **Rules**

New Jersey Court Rules,  R. 6:1-2 ........................................................ 12

**PRELIMINARY STATEMENT**

The herein named Plaintiff, BMW Auto Sales, Inc., provides the instant memorandum of law in support Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447(c).

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This matter arises out of the purchase and subsequent transportation of a motor vehicle purchased by the Plaintiff. Specifically, on or about May 9, 2021, Plaintiff, BMW Auto Sales, Inc., purchased a 2020 Ford Explorer ST (the "Vehicle") from Copart Auto Auction located at 505 Idlewild Road, Grand Prairie, Texas 75051. Defendant, Red Wolf Logistics, LLC, is an automotive transport trucking company and Motor Property Common Carrier operating under US DOT No. 3526663 and MC Operating Authority No. MC01172526.

The condition of the Vehicle, pre-pick up, was excellent, however, upon delivery of the Vehicle at said destination, however, the Vehicle was found to be severely damaged, with damage to the hood, front fender, and both front doors. Following an inspection of the damages by Plaintiff's insurance company on or about May 24, 2021, Plaintiff was provided with a quote for the estimated cost of repairs to the Vehicle, totaling $3,266.69 after tax.

Despite reasonable efforts by Plaintiff to amicably resolve this dispute with Defendant, Defendant has, thus far, refused to reasonably negotiate with Plaintiff and settle Plaintiff's claim for damages arising from Defendant's conduct as alleged. As a direct result of Defendant's unwillingness to amicably resolve this matter, Plaintiff has been forced to incur legal fees in connection with the instant litigation.

To that end, Plaintiff's Complaint was filed in the Superior Court of New Jersey, Atlantic County, Law Division – Special Civil Part, on June 27, 2021. Said Special Civil Part Complaint of Plaintiff alleged three causes of action against Defendant Red Wolf Logistics, LLC: 1) professional negligence in connection with Defendant's mishandling of Plaintiff's purchased vehicle in transport, 2) breach of contract resulting from Defendant's failure to deliver Plaintiff's vehicle without being damages in transport, as Plaintiff had bargained for, and 3) consumer fraud in connection with the false, misleading, and/or deceptive representations of Defendant regarding its ability to professionally and carefully transport Plaintiff's vehicle without it sustaining damage in the process. A copy of Plaintiff's Complaint is annexed hereto as **EXHIBIT "A"**.

Rather than filing an Answer in response to Plaintiff's Complaint, on August 5, 2021, Defendant Red Wolf Logistics, LLC, filed with a Notice of Petition for Removal from State Court to Federal Court in the United States District Court for

the District of New Jersey, and the following day, filed in the Superior Court of New Jersey, a Notice of Removal in connection with same.

Plaintiff's matter was subsequently removed from the Superior Court of New Jersey, Atlantic County, Law Division – Special Civil Part, to this Honorable Court, and Defendant Red Wolf Logistics, LLC, thereafter filed its Answer on August 6, 2021. Defendant then filed an Amended Answer on August 13, 2021, to include a Third-Party Complaint in which it named numerous Third-Party Defendants, including: JHD Logistics, LLC; Excellence Lifestyle, LLC; Ryion Cooley; Quintae Conquers; and Clifford Hubbard, in addition to John Does (1-10) and ABC Corps (1-10).

The very same day, however, Defendant then filed a Stipulation of Dismissal without Prejudice as to Third-Party Defendant JHD Trucking, LLC only, claiming in said stipulation that the party was "mistakenly included in this litigation". The remaining Third-Party Defendants were conspicuously absent from the caption of the Stipulation of Dismissal, so it is unclear whether it was Defense Counsel's intention for them to remain in the litigation or if they too were named mistakenly. In either event, it is unrelated to the purpose of this motion.

Defendant's removal of this matter to Federal Court is improper as the United States District Court for the District of New Jersey lacks subject matter jurisdiction,

and thus, the matter must be remanded back to the Superior Court of New Jersey where it was originally filed.

## STANDARD OF REVIEW

Title 28, § 1441(a), of the United States Code permits a defendant to remove a civil action in state court to federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The removability of a matter is determined from the plaintiff's pleadings at the time of removal. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). When the propriety of removal is challenged, the party asserting federal jurisdiction bears the burden of showing that removal is proper. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Section 1446 outlines the procedure for removal and Section 1447 outlines the procedures following removal.

Remand is specifically governed by 28 U.S.C. § 1447(c), which provides that removed cases may be remanded: (1) within thirty days of the filing of the notice of removal, if removal was procedurally defective; or (2) at any time before final judgment, if the district court determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

## ARGUMENT

## POINT I

### THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1332 (DIVERSITY OF CITIZENSHIP)

To begin, in the Notice of Petition for Removal from State Court to Federal Court filed by Defendant Red Wolf Logistics, LLC, (annexed hereto as **EXHIBIT "B"**) Defendant's counsel claims that said Notice of Petition for Removal was being filed pursuant to 28 U.S.C. § 1331, regarding subject matter jurisdiction in federal court premised upon federal question jurisdiction, and 28 U.S.C. § 1332, regarding subject matter jurisdiction in federal court premised upon diversity of citizenship jurisdiction. Neither basis of federal subject matter jurisdiction is applicable in this matter, and thus, the United States District Court for the District of New Jersey lacks subject matter jurisdiction warranting the remand of this action back to the Superior Court of New Jersey where it was originally filed.

### A. THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331 AS PLAINTIFF'S CLAIMS DO NOT ARISE UNDER FEDERAL LAW.

Defendant claims that the United States District Court for the District of New Jersey has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Generally, pursuant to 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the Unites States… This is commonly known as federal question jurisdiction." *TM Marketing, Inc. v. Art & Antiques Associates, L.P.*, 803 F.Supp. 994, 998 (D.N.J. 1992).

In support of Defendant's claim that this Court has federal question jurisdiction over this matter, Defendant states in its filed Notice of Removal from State Court to Federal Court (annexed hereto as **EXHIBIT "C"**) that, "The United States District Court for the District of New Jersey also has subject matter jurisdiction because this case involves allegations of damages incurred during the transport/shipment of an item in interstate commerce that falls within the purview of the federal 'Carmack Amendment' pursuant to 49 U.S.C. §11706; 48 U.S.C. §14706; and 28 U.S.C. §1446 (d)." (**Ex. C**, ¶ 9).

The Supreme Court of the United States has established certain guidelines in determining whether federal question jurisdiction exists in a case. "[A] federal right or immunity creates a federal question *only* where it is 'an element, and an essential one, of the plaintiff's cause of action.'" *Id.*, citing *Gully v. First Nat'l Bk.*, 299 U.S.

109, 112 (1936). Consequently, "the mere implication or existence of federal law does not automatically confer federal question jurisdiction." *Id.* at 999. *See also, Carrington v. RCA Global Communications, Inc.*, 762 F.Supp. 632, 636 (D.N.J. 1991). To that end, "A federal right or immunity constitutes an essential element of the plaintiff's case only if it appears upon the face of the plaintiff's well-pleaded complaint." *Id. See also, Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Put another way, "Federal question jurisdiction exists when the plaintiff's well-pleaded complaint establishes that 'federal law creates the cause of action.'" *Metropolitan Life Ins. Co v. Price*, 501 F.3d 271, 276 (3d Cir. 2007) (*citing Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

As stated previously, in the instant matter, Plaintiff's well-pleaded complaint alleges three causes of action against Defendant Red Wolf Logistics, LLC: 1) professional negligence in connection with Defendant's mishandling of Plaintiff's purchased vehicle in transport, 2) breach of contract resulting from Defendant's failure to deliver Plaintiff's vehicle without being damages in transport, as Plaintiff had bargained for, and 3) consumer fraud in connection with the false, misleading, and/or deceptive representations of Defendant regarding its ability to professionally and carefully transport Plaintiff's vehicle without it sustaining damage in the process. All three of these causes of action are common law causes of action and do not arise under, nor are they created by, any federal law. In fact, with regard to

7

Plaintiff's consumer fraud cause of action, Plaintiff makes specific reference to the New Jersey Consumer Fraud Act, making clear that the consumer fraud cause of action arises specifically under New Jersey state law, not federal law.

Defendant relies on *the mere implication or existence of federal law* via Defendant's reference to the Carmack Amendment, to attempt to assert federal question jurisdiction, but absolutely nowhere in Plaintiff's well-pleaded complaint do any of Plaintiff's causes of action arise under federal law, nor does any federal right or immunity constitutes an essential element of the plaintiff's case. Therefore, the United States District Court for the District of New Jersey lacks subject matter jurisdiction premised upon federal question jurisdiction, thus warranting the remand of this action back to the Superior Court of New Jersey where it was originally filed.

> **B. THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332 AS PLAINTIFF'S CLAIM FOR DAMAGES DOES NOT EXCEED THE AMOUNT IN CONTROVERSY THRESHOLDS ESTABLISHED BY 28 U.S.C. § 1332(a) AND BY THE 'CARMACK AMENDMENTS' AND 28 U.S.C. § 1337(a).**

Defendant claims that the United States District Court for the District of New Jersey has subject matter jurisdiction over this matter pursuant to a combination of 28 U.S.C. 1332, regarding diversity of citizenship of the parties, and 28 U.S.C. § 1337(a), regarding civil actions arising under "any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies…"

Federal subject matter jurisdiction pursuant to 28 U.S.C. 1332, or diversity jurisdiction as it is commonly called, has "two requirements for the establishment of jurisdiction." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016). "First, the parties must be completely diverse, meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" *Id.*, citing *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). In assessing citizenship of a corporation, "a corporation is a citizen of both its state of incorporation and the state 'where it has its principal place of business.'" *Id.*, citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013). Further, in assessing the citizenship of a limited liability company, "the citizenship of an LLC is determined by the citizenship of its members," and thus, "[f]or complete diversity to exist, all of the LLC's members 'must be diverse from all parties on the opposing side.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015), (*citing Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 185 (3d Cir. 2008)).

Here, Plaintiff, BMW Auto Sales, Inc. is a domestic for-profit corporation within the State of Delaware and incorporated under the laws of said State, with a corporate headquarters located at 2860 Ogletown Road, Building 3, Newark, Delaware 19713, and with a principal place of business located at TMX Finance at

309 E. White Horse Pike, Galloway, New Jersey 08205. Thus, Plaintiff has citizenship in both the State of Delaware and the State of New Jersey.

Defendant, Red Wolf Logistics, LLC is, upon information and belief, a domestic limited liability company within the State of Texas and organized under the laws of said State. A public records search of "Red Wolf Logistics LLC" on Westlaw identifies an individual named Zachary Arnold as "Managing Member" of Red Wolf Logistics, LLC, and a further Westlaw public records search of Zachary Arnold reveals numerous reported addresses for Zachary Arnold from as far back as 2008, all of which are located in Texas, with the most recent being 4125 Quad City Street, Fort Worth, Texas 76155, being reported as recently as July 12, 2021. (See these Westlaw Public Records search results annexed hereto collectively as **EXHIBIT "D"**). It therefore seems reasonable to conclude that the citizenship of Zachary Arnold is in the State of Texas.

However, Defendant has offered no proof of this fact. In fact, Defendant has offered no evidence of the identities of its members nor their citizenship. As far as Plaintiff is aware, Westlaw's records may be out of date or inaccurate, and Zachary Arnold may, either, not be a member of the Red Wolf Logistics, LLC, or may have moved to Delaware or New Jersey, thus destroying diversity. Plaintiff has no way of knowing, as Defendant has offered no proof of Mr. Arnold's citizenship.

Further, Plaintiff has no way of knowing whether Mr. Arnold is the *only* member of Red Wolf Logistics, LLC. Westlaw's records merely identify Mr. Arnold as the "Managing Member," however, there very well could be other members whose citizenship is, as of yet, unknown to Plaintiff as Defendant has offered no evidence of citizenship.

Thus, Defendant has not demonstrated complete diversity, and as already made clear, the party asserting federal jurisdiction bears the burden of showing that removal is proper. *See Frederico v. Home Depot*, supra. at 193.

In addition to Defendant's not meeting their burden with regard to establishing proof of complete diversity of citizenship, Defendant's fail to meet the second requirement for the establishment of subject matter jurisdiction under 28 U.S.C. §1332, "that the 'matter in controversy exceeds the sum or value of $75,000." *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, supra. at 395.

As the party invoking diversity jurisdiction, Defendant Red Wolf Logistics, LLC bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Id.* Ordinarily, as stated, that threshold, under 28 U.S.C. §1332(a) is $75,000.00. Recall, Plaintiff's matter, prior to removal, was originally filed in the Superior Court of New Jersey, Atlantic County, Law Division – Special Civil Part. Per the New Jersey Court Rules,

specifically, R. 6:1-2, the amount in controversy in civil actions in the Special Civil Part cannot exceed $15,000.00, and as Plaintiff's claim was not in excess of that limit, Plaintiff filed in Special Civil Part. Therefore, Plaintiff's claim certainly does not even come close to breaching the amount in controversy threshold of $75,000.00 established by 28 U.S.C. §1332(a).

Defendant therefore attempts to assert that Plaintiff's claim arises under the Carmack Amendments to take advantage of the lowered amount in controversy threshold of $10,000.00 pursuant to 28 U.S.C. § 1337(a).

As already established in under Heading A. of Plaintiff's herein Argument, Plaintiff's claims do not arise under the Carmack Amendments, and thus, this $10,000.00 amount in controversy threshold is wholly inapplicable here. However, even if the Court were to find this reduced amount in controversy threshold applicable here, Plaintiff simply does not seek damages in excess of $10,000.00, despite what Defendant baldly claims in its Notice of Removal from State Court to Federal Court without offering any support. (**Ex. C**, ¶ 10).

In fact, in Plaintiff's complaint, it is explicitly stated that Plaintiff received a quote for the estimated cost of repairs to Plaintiff's vehicle, which totaled $3,266.69 after tax. That sum is the basis of Plaintiff's claim for damages. Granted, Plaintiff's cause of action for consumer fraud seeks treble damages pursuant to N.J.S.A. 56:8-

19, but even if that were to be granted to Plaintiffs, the total amount in controversy would still not exceed $10,000.00 ($3,266.69 x 3 = $9,800.07).

Thus, even under the lowered amount in controversy threshold of $10,000.00 arising under 28 U.S.C. § 1337(a), Defendant, who bears the burden of proof, has not demonstrated that Plaintiff's claim for damages exceeds even this lower threshold.

Therefore, having failed both to prove diversity of citizen and having failed to demonstrate that Plaintiff's claim for damages exceeds either amount in controversy threshold, the United States District Court for the District of New Jersey very clearly lacks subject matter jurisdiction premised upon diversity jurisdiction, thus warranting the remand of this action back to the Superior Court of New Jersey where it was originally filed.

## **CONCLUSION**

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary is affirmatively shown." *TM Marketing, Inc.*, supra. at 996. Here, for the foregoing reasons, the Court should grant Plaintiff's motion and remand this matter back to the Superior Court of New Jersey where it originated, as Defendant Red Wolf Logistics has failed to affirmatively show that the United States District Court

for the District of New Jersey has subject matter jurisdiction for this matter to proceed in federal court.

Respectfully Submitted,

**LENTO LAW GROUP, P.C.**

Dated: <u>August 17, 2021</u>     _____
**JOSEPH D. LENTO, ESQUIRE**
**ATTORNEY ID: 013252008**
*Attorney for Plaintiff*