UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| BMW AUTO SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RED WOLF LOGISTICS, LLC; JOHN DOE(S) (1-10); ABC BUSINESS ENTITIES (1-10) (fictitious names), <br><br> Defendant(s)/Third Party Plaintiff(s), <br><br> v. <br><br> JHD LOGISTICS, LLC; EXCELLENCE LIFESTYLE, LLC; RYION COOLEY; QUINTAE CONQUERS; CLIFFORD HUBBARD; JOHN DOE(S) (1-10); ABC CORP(S) (1-10) (fictitious names), <br><br> Third Party Defendant(s). | Civil Action No.: 1:21-cv-14647 (JHR) (SAK) |

**DEFENDANT/THIRD PARTY PLAINTIFF'S, RED WOLF LOGISTICS, LLC, OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

CIPRIANI & WERNER, P.C.

*/s/ Marc R. Jones*

MARC R. JONES, ESQUIRE
Attorneys for Defendant/Third Party Plaintiff – Red Wolf Logistics, LLC
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
856-761-3800
mjones@c-wlaw.com

DATED: August 24, 2021

i

**TABLE OF CONTENTS**

I.   BACKGROUND AND PROCEDURAL HISTORY ....................................................................1

II.  LEGAL ARGUMENT ........................................................................................................3

III. CONCLUSION ................................................................................................................11

## **TABLE OF AUTHORITIES**

S&H Hardware & Supply Co. v. Yellow Transport, 432 F3d. 550 (3rd Cir. 2005) ...............................4

Penske Logistics, Inc. v. KLLM, 285 F.Supp.2d 468 (D.N.J. 2003) ......................................................4

N.Y., N.H. & Hartford R. Co. v. Nothnagle, 346 U.S. 128 (1953) ..................................................4, 5

NII Brokerage, LLC v. Roadway Express, Inc., 2008 U.S.Dist.LEXIS 64784 (D.N.J. 2008) ..........4, 5

Adams Express v. Croninger, 226 U.S. 491 (1913) ........................................................................4, 5

Thurston Motor Lines v. Jordan Rand, 460 U.S. 533 (1983) ..............................................................5

Louisville & Nashville R.Co. v. Rice, 247 U.S. 201 (1918)..............................................................5, 6

Atchinson v. Harold, 241 U.S. 371 (1916) ...........................................................................................5

Certain Underwriters at Lloyds v. UPS, 762 F.3d 332 (3rd Cir. 2014) ................................................5

Phoenix Insurance Co. v. Norfolk Southern, 2014 U.S.Dist.LEXIS 67515 (D.N.J. 2014) ...............5, 7

Orlick v. J.D. Carton, 144 F.Supp.2d 337, 344-345 (D.N.J. 2001) ......................................................6

Harrah v. 3M, 809 F.Supp. 313 (D.N.J. 1992).................................................................................6, 7

Carpenter v. Wichita Falls School District, 44 F.3d 362 (5th Cir. 1995)..........................................6, 7

Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987) ...............................................................................6

Beneficial National Bank v. Anderson, 539 U.S. 1 (2003)...............................................................6, 7

Hoskins v. Bekins Van Lines, 343 F.3d 769 (5th Cir. 2003) .............................................................6, 7

Deerskin Trading Post v. UPS, 972 F.Supp. 665 (N.D.Ga. 1997).......................................................8, 9

Rowe v. New Hampshire Motor Transport Assoc., 552 U.S. 364 (2008) .............................................8

Morales v. Trans World Airlines, 504 U.S. 374 (1992)...................................................................8, 9

Alpine Fresh, Inc. v. Jala Trucking Corp., 181 F.Supp.3d 250 (D.N.J. 2016).......................................9

Smith v. Comair, Inc., 134 F.3d 254 (4th Cir. 1998) .............................................................................9

Non Typical, Inc. v. Transglobal Logistics, 2012 U.S.Dist.LEXIS 73452 (E.D.Wis. 2012) .................9

Am Airlines, Inc., 513 U.S. 233 (1995).................................................................................................9

Simmons v. UPS, 924 F.Supp. 65 (W.D.Tx. 1996)................................................................................9

Pillsbury v. Atchison, 548 F.Supp. 28 (D.Kan. 1982)) .................................................................. 9

**Court Rules**

F.R.C.P. 7.1 ...................................................................................................................................... 2

**Statutes**

28 U.S.C. §1331 ...................................................................................................................... 2, 3, 7, 9

28 U.S.C. §1332 .............................................................................................................................. 2,

49 U.S.C. §§13501 and 14706 .................................................................................................. 2, 3, 9

49 U.S.C. §14706 (a) ........................................................................................................................ 4

28 U.S.C. §1441 ................................................................................................................................ 7

49 U.S.C. §14501 (c) ................................................................................................................. 7, 8, 9

28 U.S.C. §1337 .............................................................................................................................. 10

28 U.S.C. §1445 .............................................................................................................................. 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| BMW AUTO SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RED WOLF LOGISTICS, LLC; JOHN DOE(S) (1-10); ABC BUSINESS ENTITIES (1-10) (fictitious names), <br><br> Defendant(s)/Third Party Plaintiff(s), <br><br> v. <br><br> JHD LOGISTICS, LLC; EXCELLENCE LIFESTYLE, LLC; RYION COOLEY; QUINTAE CONQUERS; CLIFFORD HUBBARD; JOHN DOE(S) (1-10); ABC CORP(S) (1-10) (fictitious names), <br><br> Third Party Defendant(s). | Civil Action No.: 1:21-cv-14647 (JHR) (SAK) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT/THIRD PARTY PLAINTIFF'S, RED WOLF LOGISTICS, LLC, OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**I.      BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of an alleged property damage claim arising from Plaintiff's, BMW Auto Sales, Inc. ("BMW" or "Plaintiff"), purchase of a motor vehicle, *i.e.* a 2020 Ford Explorer ST ("Vehicle"), in Texas on May 9, 2021. (*See* Plaintiff's Memorandum of Law, p. 1) Plaintiff then arranged and paid to have the Vehicle transported from the Copart Auto Auction in Grand Prairie, Texas on May 9, 2021 to New Jersey. (*See* Plaintiff's Memorandum of Law, p. 1) Plaintiff alleges that at some point during the transit the Vehicle sustained damage. (*See* Plaintiff's Memorandum of Law, p. 1) Plaintiff originally filed suit in the Superior Court of New Jersey – Special Civil Division – Atlantic County, seeking damages from the defendant, Red Wolf Logistics, LLC, for the damage to the Vehicle. (**Exhibit "A"**) Plaintiff's Complaint seeks damages totaling $15,082.00. (**Exhibit "A"**)

1

Defendant, Red Wolf Logistics, LLC, is a limited liability company organized and existing under the laws of the State of Texas. (**Exhibit "B"**) As confirmed in its F.R.C.P. 7.1 filing, Red Wolf is a non-stock company wholly owned by Mr. Zachary Arnold with its domicile being 217 N. De Costa Street, Fort Worth, Tarrant County, Texas. (**Exhibit "B"**) Upon receipt of Plaintiff's Complaint, an investigation was undertaken by Red Wolf's insurance carrier, *i.e.* Progressive County Mutual Insurance, to ascertain the facts of the case and what had occurred. (**Exhibit "C"**) That investigation revealed that Defendant, Red Wolf, was not involved in the pick-up or delivery of the Vehicle that is the subject of this case, and that in fact, the Bill of Lading for the delivery of the vehicle lists another company identified as "JH&D – Clifford Hubbard" as the entity that delivered the vehicle. (**Exhibit "D"**) On July 25, 2021, Progressive's adjuster advised Plaintiff's counsel of this information, advised him that Red Wolf was the victim of corporate "identity theft", and that other entities were the responsible parties and that Plaintiff's suit should be amended to include claims against the responsible entities. (**Exhibit "E"**) There is evidence indicating that an entity identified as "Red Wolf Logistics, LLC" with an address of 848 West Mitchell Street – Apt. 269A, Arlington, Texas, was cashing checks on behalf of "Red Wolf", however, the Red Wolf Logistics, LLC identified in this lawsuit does not operate from the address and does not employ either Mr. Clifford Hubbard or Mr. Cooley. (**Exhibit "E"**) Plaintiff did not respond to this information and/or did not file an amended pleading.

To clarify, Defendant, Red Wolf, filed its petition for removal on August 5, 2021 to the U.S. District Court of New Jersey subject to federal subject matter jurisdiction pursuant to 28 U.S.C. §1331. Information pertaining to the addresses and domicile of the various parties was added to the Petition as information for the Court's benefit, but not to present the removal subject to federal diversity jurisdiction (28 U.S.C. 1332). Defendant regrets any confusion. The basis for the federal subject matter jurisdiction is that Plaintiff's claims arise under, and are preempted by, the federal Carmack Amendment, 49 U.S.C. §§13501 and 14706, *et seq.*

Defendant, Red Wolf, then filed its Answer, Defenses and Third Party Complaint on August 6, 2021 and sought to pursue claims against the Third Party Defendant, "JHD Trucking, LLC" as well as

unknown "fictitious" entities. (**Exhibit "F"**) JHD Trucking, LLC was then personally served with the third party complaint at their domiciled address located at 20 Terrace Drive, Monroe, Louisiana on or about August 12, 2021. The owner of JHD Trucking, LLC, Mr. James Davis, contacted defense counsel's office and advised that his company only "hauls wood" and that he only operates within a (300) mile radius from Monroe, Louisiana. (**Exhibit "G"**) He further stated that he does not deliver vehicles to New Jersey and his company was not involved in this transaction. (**Exhibit "G"**) Since it was apparent that Mr. Davis' company did not deliver the Vehicle to New Jersey based on his representations, it was agreed that JHD Trucking, LLC would be dismissed as a third party defendant, "without prejudice", and that a new third party complaint would be filed against "JHD Logistics, LLC; Excellence Lifestyle, LLC; Ryion Cooley; Quintae Conquers; and/or Clifford Hubbard" as the identified parties/entities that were involved in the identity theft scheme and/or who delivered the Vehicle to Plaintiff. (**Exhibits "H" and "I"**)[1] The amended Third Party Complaint was filed on August 13, 2021. (**Exhibit "I"**)

Plaintiff then filed their motion to remand this back to State Court on August 18, 2021.

Defendants now oppose the motion to remand.

## II. LEGAL ARGUMENT

### A. The federal court has subject matter jurisdiction as Plaintiff's claims are preempted by the federal Carmack Amendment, 49 U.S.C. §§ 13501 and 14706.

The federal court has subject matter jurisdiction over the Plaintiff's alleged claims pursuant to 28 U.S.C. §1331. The Plaintiff has pled causes of action arising under the Constitution and/or the laws of the United States, specifically, the federal Carmack Amendment, 49 U.S.C. §§ 13501 and 14706. As such, Plaintiff's state court and common law claims of "professional negligence; breach of contract; and consumer fraud" are all preempted by the Carmack Amendment, 49 U.S.C. §§ 13501 and 14706, allowing for this matter to be removed to federal court and Plaintiff's motion to remand should be denied.

The Carmack Amendment provide, *inter alia*, that:

---

[1] It should be noted that the Stipulation of Dismissal without Prejudice as to JHD Trucking, LLC was filed with the original caption, and not the amended caption and the amended caption should have first included them along with the other Third Party Defendants. This was discrepancy was rectified in a discussion that Counsel had with the Clerk's office on August 16, 2021.

> [a] carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 [49 U.S.C. §§13501 or 13531, governing motor carriers and freight forwarders] shall issue a receipt or bill of lading for the property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 ***are liable to the person entitled to recover under the receipt of bill of lading***. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier; (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States…[Emphasis added].

49 U.S.C. §§ 14706 (a).

The Carmack Amendment "provides for liability of common carriers for damage to or loss of goods during shipment." S&H Hardware & Supply Co. v. Yellow Transportation, Inc., 432 F.3d 550, 554 (3rd Cir. 2005). This amendment "created a 'nationally uniform policy governing interstate carriers' liability for property loss.'" Penske Logistics, Inc. v. KLLM, Inc., 285 F.Supp.2d 468, 472 (D.N.J. 2003) (*quoting* N.Y., N.H. & Hartford R. Co. v. Nothnagle, 346 U.S. 128, 131 (1953). The Carmack Amendment preempts state law causes of action seeking recovery for the value of goods damaged or destroyed during interstate shipment. NII Brokerage, LLC v. Roadway Express, Inc., 2008 U.S.Dist.LEXIS 64784, 5-6 (D.N.J. 2008) (**Exhibit "J"**)

The Carmack Amendment's preemption of state and common law claims against interstate motor carriers for losses arising out of damage or delay related to the interstate shipment of goods is nothing new – dating back to 1913 – where the U.S. Supreme Court held that the provisions of the Interstate Commerce Act (the predecessor statute to the present Carmack Amendment) supersedes all the regulations and policies of a particular state and govern exclusively the liability of a carrier providing interstate transportation. *See* Adams Express v. Croninger, 226 U.S. 491, 505-06 (1913). The U.S. Supreme Court in Adams Express clearly held that:

> [a]lmost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject and supersede all state regulations with reference to it…***But it has been argued that the non-exclusive character of this regulation is manifested by the proviso of the section, and that state legislation upon***

4

> *same subject is not superseded, and that the holder of any such bill of lading may resort to any right of action against such a carrier conferred by existing state law. This view is untenable.* It would result in the nullification of the regulation of a national subject and operate to maintain the confusion of the diverse regulation which it was the purpose of Congress to pat an end to. [Emphasis added].

Adams Express, supra, at 505-06.

The U.S. Supreme Court has, for years, consistently maintained the sweeping, comprehensive scope of the Carmack Amendment preemption and uniformity of treatment, regardless of state laws. *See e.g.* Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd., 460 U.S. 533, 535 (1983) (*quoting* Louisville & Nashville R.Co. v. Rice, 247 U.S. 201, 203 (1918) ("[a]s to interstate shipments…the parties are held to responsibilities imposed by the federal law, to the exclusion of all other rules of obligation."); New York, N.H. & H.R. supra, at 131 (1953); Atchinson T&S.F. Ry. V. Harold, 241 U.S. 371, 378 (1916).

The Third Circuit, along with other federal Circuit Courts, have also unanimously and faithfully followed the Supreme Court's holdings and have upheld and enforced the principle that the Carmack Amendment's broad scope preempts all state and common law claims whether expressly in contradiction of, or in addition to, Carmack remedies. *See* Certain Underwriters at Lloyds of London v. UPS, 762 F.3d 332, 336 (3rd Cir. 2014).[2] The New Jersey District Courts have also held, along with the majority of other federal courts, that the Carmack Amendment preempts state law causes of action seeking recovery for the value of goods damaged or destroyed during interstate shipment. *See* Phoenix Insurance Co. v. Norfolk, Southern Railroad Corp., 2014 U.S.Dist.LEXIS 67515 (D.N.J. 2014) (**Exhibit "K"**); NII, supra, at 5-6; Usinor Steel Corp. v. Norfolk Southern Corp., 308 F.Supp.2d 510, 518 (D.N.J. 2004) (**Exhibit "J"**)

---

[2] *See, e.g.*, Intech, Inc. v. Consolidated Freightways, 836 F.2d 672, 677 (1st Cir. 1987); Rini v. United Van Lines, Inc., 104 F.3d 502, 503-505 (1st Cir. 1997), *cert. denied*, 522 U.S. 809 (1997); Cleveland v. Beltman North American Van Lines Co., Inc., 30 F.3d 373, 379-381 (2nd Cir. 1994); Shao v. Link Cargo (Taiwan) Limited, 986 F.2d 700, 706-707 (4th Cir. 1993); Air Products and Chemicals, Inc. v. Ill. Cent. Gulf R.R. Co., 721 F.2d 483, 486 (5th Cir. 1983), *cert. denied* 469 U.S. 832 (1984); Moffit v. Bekins Van Lines Co., 6 F.3d 305, 307 (5th Cir. 1993); Hughes v. United Van Lines, 829 F.2d 1407, 1415 (7th Cir. 1987); W.D. Lawson & Co. v. Penn Cent. Co., 456 F.2d 419, 421 (6th Cir. 1972); American Synthetic Rubber Corp. v. Louisville & Nashville Railroad Co., 422 F.2d 462, 466 (6th Cir. 1970); Hughes Aircraft v. North American Van Lines, 970 F.2d 609, 613 (9th Cir. 1992); Underwriters at Lloyds of London v. North American Van Lines, 890 F.2d 1112, 1120 (10th Cir. 1989).

(holding that "plaintiffs' claims for breach of contract, negligence, breach of bailment and conversion are preempted"); Orlick v. J.D. Carton & Son, Inc., 144 F.Supp.2d 337, 344–345 (D.N.J. 2001) (denying motion to remand and holding that "the Carmack Amendment completely preempts Plaintiffs' state law claims because Plaintiffs' complaint, in alleging a cause of action against interstate carriers based on loss or damage to shipped goods, articulates a federal question"); Harrah v. Minn. Mining and Mfg. Co., 809 F.Supp. 313, 317 (D.N.J. 1992) (stating that "common law actions against interstate carriers are preempted by the Interstate Commerce Act").

Plaintiff, in their moving papers, attempts to argue that because their "well-pleaded complaint" does not plead a cause of action for relief under the "Carmack Amendment" there is no "federal question" and the case should be remanded. Plaintiff is incorrect.

The Federal Courts, in order to determine whether a cause of action presents a federal question will examine the plaintiff's "well-pleaded complaint." Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.") Generally, the plaintiff is the master of his complaint. Carpenter v. Wichita Falls Ind. School District, 44 F.3d 362, 366 (5th Cir. 1995). Under the "well-pleaded complaint rule, federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial National Bank v. Anderson, 539 U.S. 1 (2003).

The well-pleaded complaint rule, however, is not without its exceptions. Hoskins v. Bekins Van Lines, 343 F.3d 769, 773 (5th Cir. 2003). In certain situations, Congress has created exceptions to the "well-pleaded complaint" rule.[3] Id. In certain contexts, a federal statute "so forcibly and completely

---

[3] See Beneficial, 123 S. Ct. at 2062 (describing the unusual pre-emption provision in the Price-Anderson Act which expressly provides for removal of actions brought in state court "even when they assert only state-law claims"). In other contexts, the Supreme Court has construed certain federal statutes as "not only preempting state law but also authorizing removal of actions that sought relief only under state law." Id. (determining that §§ 85 and 86 of the

displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all." Carpenter, supra, at 366.  The Federal Courts and the U.S. Supreme Court have in fact concluded that the Carmack Amendments were intended by Congress to "…take possession of the subject of interstate carriers' liability…and supersede all state regulation with reference to liability for lost or damaged property." Phoenix, supra, at 46.  It was intended to provide the "…***exclusive cause of action for loss or damage to goods arising from interstate transportation of those goods by common carrier***."  [Emphasis added].  Hoskins, supra, at 778 (*citing* Beneficial, supra, 123 S.Ct. at 2064); *see also* Phoenix, supra.  As such, a plaintiff's claims for damages arising out of the interstate transport of goods, as is clearly the case here, only arise under federal law and are, therefore, removable to federal court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441.  *See* Phoenix, supra, at 46; Hoskins, supra at 778; *see also* Harrah, supra, at 317.  Simply put, the statutory Carmack Amendment causes of action cannot be circumvented by alleging claims for relief in terms of state or common law theories of relief.  Id.

> **B. Plaintiff's claims are also preempted by the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §14501 (c) and the federal court retains subject matter jurisdiction of said claims.**

Plaintiff's claims are also preempted by the Federal Aviation Administration Authorization Act ("FAAAA") of 1994, 49 U.S.C. §14501 (c), and the federal court retains subject matter jurisdiction of said claims.

The FAAAA provides, *inter alia*:

> …
>
> > (c) **Motor carriers of property**.
> >
> > > (1) General rule.  Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a ***price, route, or service of any motor carrier*** (other than a carrier affiliated with a direct air carrier covered by section

---

National Bank Act provides for complete pre-emption); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (finding complete pre-emption in § 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132); Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968) (construing § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, to provide complete pre-emption).

>> 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property. [Emphasis added]
>
> …

49 U.S.C. § 14501 (c).

All of Plaintiff's claims, including their claims "Consumer Fraud" all arise out of and/or are based on the damage to the cargo. This is exactly the type of claim preempted by the FAAAA. In enacting the FAAAA, Congress intended its preemptive scope concerning motor carriers to be identical to the preemption provision that applies to air carriers under the Airline Deregulation Act. *See, e.g.* Deerskin Trading Post Inc. v. United Parcel Service of America Inc., 972 F. Supp. 665, 668 (N.D. Ga. 1997). Specifically, and in the context of motor carrier transportation (as we have in this case), the U.S. Supreme Court reaffirmed the broad preemptive scope of the FAAAA as it applied to motor carriers and state laws. Rowe v. New Hampshire Motor Transp. Association, 552 U.S. 364, 372 (2008) (holding that the State of Maine's law regulating the transportation and delivery of tobacco products by motor carriers to minors was preempted by the FAAAA because it "produces the very effect that the federal law sought to avoid, namely, a State's direct substitution of its own governmental commands for 'competitive market forces' in determining (to a significant degree) the services that motor carriers will provide.").[4] Congress has clearly and expressly stated its purpose in enacting the FAAAA preemption clause, namely, to create an environment of uniformity of regulation by the market rather than by a "patchwork of state laws." Rowe, supra, at 371, *citing* Morales v. Trans World Airlines, Inc., 504 U.S. 374, 378 (1992). (Internal quotations omitted).

---

[4] The broad preemptive scope of the FAAAA – preempting all but contract-based claims – has been considered and upheld by the U.S. Supreme Court multiple times. Morales v. Trans World Airlines Inc., 504 U.S. 374, 384 (1992) (concluding that the FAAAA has a "broad preemptive purpose" and that any state actions "having a connection with or reference to… 'rates, routes or services' [are] preempted."); American Airlines Inc. v. Wolens, 513 U.S. 219 (1995). American Trucking Associations, Inc. v. City of Los Angeles, 569 U.S. 641 (2013) (holding certain local ordinances governing transportation from the port of Los Angeles were preempted); Northwest, Inc. v. Ginsberg, 572 U.S. 273 (2014).

The FAAAA preempts not only state statutes and administrative regulations governing the trucking industry but also state law private causes of action that come within its terms. *See* Alpine Fresh, Inc. v. Jala Trucking Corp., 181 F.Supp.3d 250, 256 (D.N.J. 2016); *see also* Smith v. Comair, Inc., 134 F.3d 254 (4th Cir. 1998); Deerskin Trading, *supra*, at 672; Non Typical, Inc. v. Transglobal Logistics Group, Inc., 2012 U.S.Dist.LEXIS 73452, 7 (E.D.Wis. 2012) (**Exhibit "L"**), (*citing* Am. Airlines, Inc., 513 U.S. at 233 (n.8) (1995) and Morales *supra*, at 388) (holding that the FAAAA preempts state common law counts that have the same force and effect of law including claims for punitive damages, misrepresentation, unjust enrichment, *quantum* meruit, fraud, and negligence).

In short, this Court must retain federal subject matter jurisdiction over Plaintiff's alleged claims in this case because all of Plaintiff's claims are "preempted" not only by the Carmack Amendment but also by the FAAA that also applies to this case.

  **C. Discovery in this case has not yet begun and Plaintiff is precluded from changing and arguing different damages numbers for the sole purpose of evading federal subject matter jurisdiction.**

Defendant's petition for removal is predicated on federal subject matter jurisdiction based on the preemption of the Carmack Amendment and the FAAAA.  28 U.S.C. §1331; 49 U.S.C. §§ 13501 and 14706; 49 U.S.C. § 14501 (c).  The Court should note that Plaintiff's motion to remand was filed without prior permission from the Magistrate Judge and prior to the initial Court scheduling conference of August 31, 2021.  Discovery in this matter has not yet started in this case.

As the Court is aware, Plaintiff's State Court Complaint lists their damages as totaling $15,082.00.  (**Exhibit "A"**)  In cases where the damages exceed $10,000.00 under the Carmack Amendment, the federal courts retain original jurisdiction and the matter is removable to federal court.  *See* 28 U.S.C. §1337.  Federal jurisdiction under the Carmack Amendment does not, as Plaintiff asserts, depend on the amount on the face of the receipt or bill of lading.  *See* Simmons v. UPS, 924 F.Supp. 65, 67 (W.D.Tx. 1996).  If the shipment generates a controversy exceeding $10,000.00, the claim satisfies the $10,000.00 jurisdictional requirement.  *See* Pillsbury Company v. Atchison, 548 F.Supp. 28, 30 (D.Kan.

9

1982). Plaintiff, in their complaint, states their total damages in controversy as being $15,082.00. This is sufficient and satisfies the controversy requirements of 28 U.S.C. §1337 and 28 U.S.C. §1445.

Further, Plaintiff's attempts to circumvent the amount in controversy amount by arbitrarily making new and different damages calculations simply to create a number that allows them to avoid federal jurisdiction is specious and disingenuous. At best, the Court should allow the case to proceed to discovery and allow the facts and the alleged amount in controversy to be fully vetted instead of allowing the Plaintiff to self-servingly make-up new damages numbers to avoid what is proper federal jurisdiction.

Finally, the Court will note that Defendant, Red Wolf, has included its own third party complaint against various third parties that, Defendant believes, are the responsible parties and who were involved in the "identity theft" that has led to this claim. Red Wolf's own damages against the third party defendants should no doubt also be considered as part of the "amount in controversy" and those claims likewise are to be added to Plaintiff's claims allowing this matter to exceed the $10,000.00 limit.

**III.     CONCLUSION**

Plaintiff has no basis to maintain their cause of action in State Court as Plaintiff's claims are clearly preempted by both the Carmack Amendment and the FAAA and Plaintiff lacks standing to litigate these claims in State Court.  Further, there is no doubt, based on Plaintiff's own representations in their filed State Court Complaint, that the amount in controversy exceeds $10,000.00 especially when taken together with Defendant's own third party claims against the alleged responsible parties.

Therefore, based on the foregoing points and authorities, defendant, Red Wolf Logistics, LLC, hereby respectfully requests that this Honorable Court deny Plaintiff's motion to remand back to State Court and allow this matter to proceed in Federal Court as jurisdiction is proper.

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

*/s/ Marc R. Jones*

MARC R. JONES, ESQUIRE
Attorneys for Defendant/Third Party Plaintiff – Red Wolf Logistics, LLC
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
856-761-3800
mjones@c-wlaw.com

DATED:       August 24, 2021