UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| BMW AUTO SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RED WOLF LOGISTICS, LLC; JOHN DOE(S) (1-10); ABC BUSINESS ENTITIES (1-10) (fictitious names), <br><br> Defendant(s)/Third Party Plaintiff(s), <br><br> v. <br><br> JHD LOGISTICS, LLC; EXCELLENCE LIFESTYLE, LLC; RYION COOLEY; QUINTAE CONQUERS; CLIFFORD HUBBARD; JOHN DOE(S) (1-10); ABC CORP(S) (1-10) (fictitious names), <br><br> Third Party Defendant(s). | Civil Action No.: 1:21-cv-14647 (JHR) (SAK) |

**PROPOSED JOINT DISCOVERY PLAN**

1. Set forth the name(s) of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party(ies) represented.

   **RESPONSE:**

   **Joseph D. Lento, Esquire**
   **Terrell A. Ratliff, Esquire**
   **Lento Law Group, P.C.**
   **3000 Atrium Way – Suite 200**
   **Mount Laurel, NJ 08054**
   **T:    856-652-2000**
   **jdlento@lentolawgroup.com**
   **taratliff@lentolawgroup.com**
   **Attorneys for Plaintiff – BMW Auto Sales, Inc.**

**Marc R. Jones, Esquire
Cipriani & Werner, P.C.
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
T:      856-761-3800
M:     609-206-8391
F:      856-437-7465
mjones@c-wlaw.com
Attorneys for Defendant/Third Party Plaintiff – Red Wolf Logistics, LLC**

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   **RESPONSE:**

   **This case arises out of an alleged property damage claim from Plaintiff's, BMW Auto Sales, Inc., purchase of a motor vehicle, *i.e.* a 2020 Ford Explorer ST ("Vehicle"), in Texas on May 9, 2021. Plaintiff then arranged and paid to have the Vehicle transported from the Copart Auto Auction in Grand Prairie, Texas on May 9, 2021 to New Jersey. Plaintiff alleges that at some point during the transit the Vehicle sustained damage. Plaintiff originally filed suit in the Superior Court of New Jersey – Special Civil Division – Atlantic County, seeking damages from the defendant, Red Wolf Logistics, LLC, for the damage to the Vehicle. Defendant removed this case to federal court pursuant to federal subject matter jurisdiction pursuant to the Carmack Amendments. 49 U.S.C. §§13501 and 14706, *et seq.***

3. Have settlement discussions taken place?      _____YES      **X**\_\_\_\_NO

   a. What was plaintiff's last demand?

      1. Monetary Demand:         $_____

      2. Non-Monetary Demand:     $_____

   b. What was defendant's last offer?

      1. Monetary Offer:           $_____

      2. Non-Monetary Offer:       $_____

4. That parties [have \_\_\_\_**X**\_\_\_\_\_have not_____] met pursuant to Fed.R.Civ.P. (26) (f).

5. The parties [have _____have not\_\_\_\_\_**X**\_\_\_\_\_] exchanged information required by Fed.R.Civ.P. (26) (a) (1). If not, state the reason therefor.

6. Explain any problems in connection with completing the disclosures required by Fed.R.Civ.P. (26) (a) (1).

    **RESPONSE;**

    **Rule (26) Disclosures to be produced within (10) days of the status conference. Third Party Defendants still waiting to be served.**

7. The parties [have _____ have not ____X____] conducted discovery other than the above disclosures. If so describe:

    **RESPONSE:**

    **N/A.**

8. Proposed discovery plan:

    a. Discovery is needed on the following subjects:

    **RESPONSE:**

    **The facts underlying pertaining to the alleged damage(s) to the vehicle involved, including, but not limited to, the actions or inactions of any and all parties present during the purported incident. Discovery is also needed with regard to the involvement of any third party defendants and the scope of Plaintiff's alleged damages.**

    b. Discovery [should_____ should not____X____] be conducted in phases or be limited to particular issues. Explain.

    c. Proposed schedule:

    | | | |
    |---|---|---|
    | 1. | Fed.R.Civ.P. (26) Disclosures: | **September 10, 2021**; |
    | 2. | E-Discovery conference pursuant to L.Civ.R. 26.1 (d): | **Prior to September 10, 2021** |
    | 3. | Service of all written discovery requests: | **September 10, 2021** |
    | 4. | Answers to initial written discovery: | **October 15, 2021** |

    5. Maximum of _____ Interrogatories by each party to each other party;

    **RESPONSE:**

    **Defendant requests that Plaintiff answer and respond to all of New Jersey's Form (B) Interrogatories for Plaintiff, as well as (15) supplemental Interrogatories and Requests for the Production of Documents.**

3

        **Defendants agree to respond to all of the New Jersey State Form (C) and Form (C)(1) interrogatories as well as supplemental Requests for the Production of Documents, plus ten (10) supplemental interrogatories.**

6. Maximum of **5** depositions to be taken by each party.

7. Motions to amend or add parties to be filed by:    **December 1, 2021;**

8. Factual discovery to be complete by:    **January 14, 2022**;

9. Plaintiff's expert report(s) due on:    **February 1, 2022**;

10. Defendants' expert report(s) due on:    **March 1, 2022**;

11. Expert depositions to be completed by:    **April 1, 2022**;

12. Dispositive motions to be filed by:    **April 1, 2022.**

d. Set forth any special discovery mechanism or procedure request.

**RESPONSE:**

**N/A.**

e. A pre-trial conference may take place on:    **TBD**

f. Trial Date:    **TBD**
   **JURY TRIAL:  X**

9. Do you anticipate any special discovery needs (*i.e.* videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?

YES:    **X**

NO:    

**RESPONSE:**

**Defendant is a resident of Texas.  His deposition will need to be conducted remotely or via video conference due to travel restrictions related to COVID-19, and similar consideration must be given for depositions of the third party defendants as they are also residents of the State of Texas or Louisiana.**

4

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    YES: _____

    NO: \_\_\_\_**X**\_\_\_\_

11. Do you anticipate entry of a Discovery Confidentiality Order?  *See* L.Civ.R. 5.3 (b) and Appendix S.

    YES: _____

    NO: \_\_\_\_**X**\_\_\_\_

12. Do you anticipate any discovery problem(s) not listed above?

    YES: _____

    NO: \_\_\_\_**X**\_\_\_\_

13. State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ.R. 201.1 or otherwise) or mediation (pursuant to L.Civ.R. 301.1 or otherwise).  If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.* after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)

    **RESPONSE:**

    **At this time, the parties believe that this case is appropriate for voluntary arbitration, however, mediation is preferred.**

14. Is this case appropriate for bifurcation?

    YES: _____

    NO: \_\_\_\_**X**\_\_\_\_

15. An interim status/settlement conference (with clients in attendance), should be held in **November 2021**.

16. We [do **X**     do not_____ ] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

   **Not applicable.**

**LENTO LAW GROUP, P.C.**

*/s/ Terrell A. Ratliff, Esquire*
Terrell A. Ratliff, Esquire
Attorneys for Plaintiff – BMW Auto Sales
3000 Atrium Way – Suite 200
Mount Laurel, NJ 08054
T:	856-652-2000
taratliff@lentolawgroup.com

DATED:	August 31, 2021

**CIPRIANI & WERNER, P.C.**

MARC R. JONES, ESQUIRE
Attorneys for Defendant/Third Party Plaintiff – Red Wolf Logistics, LLC
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
T:	856-761-3800
mjones@c-wlaw.com

DATED:	August 31, 2021