**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| BMW AUTO SALES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RED WOLF LOGISTICS, LLC  et al.,<br><br>Defendants. | Civil No. 21-14647 (JHR/SAK) |

## AMENDED SCHEDULING ORDER

This Amended Scheduling Order confirms the directives given to counsel at the status conference held pursuant to Rule 16, Federal Rules of Civil Procedure on **December 1, 2021**; and the Court noting the following appearances: **Anthony Scordo, III, Esquire**, appearing on behalf of Plaintiff; and **Marc R. Jones, Esquire**, appearing on behalf of Defendants; and for good cause shown;

**IT IS** this **1st** day of **December, 2021**, hereby **ORDERED**:

1.      This matter is subject to compulsory arbitration pursuant to Local Civil Rule 201.1.

2.      Plaintiff shall serve initial written discovery requests and respond to Defendants' initial written discovery requests by **December 15, 2021**.

3.      Contention interrogatories, if any, shall not be served prior to **January 13, 2022**, unless otherwise permitted by the Court. *See* L. CIV. R. 33.1(d) (eff. June 21, 2021).

4.      **Discovery Applications.** Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. CIV. R. 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in-person or by telephone before making a discovery application, rather than simply exchanging letters or e-mails.  Any dispute not resolved shall be brought to the Court's attention by letter application and only after counsel's good faith attempt to resolve the dispute has failed.  All discovery applications made pursuant to Local Civil Rule 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in Local Civil Rule 37.1(b)(1). No discovery motion shall be made without prior leave of Court.

5.      The time within which to seek amendments to the pleadings or to add new parties will expire on **January 7, 2022**.  Except as otherwise permitted in the Federal or Local Rules of Civil Procedure, leave of Court is necessary to file an amended pleading.  Counsel shall comply

with amended Local Civil Rule 15.1, which requires motions to amend to state whether the motion is opposed. Parties shall meet and confer in-person or by phone about the issue. Parties shall also attach to their motion a form of the proposed amended pleaded that indicates in what respect(s) it differs from the pleading it proposes to amend.

6.    Pretrial factual discovery is extended to **March 14, 2022**. All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1) before the expiration of pretrial factual discovery.

7.    **Depositions.** All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).

8.    All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiff shall be served upon counsel for Defendants no later than **April 13, 2022**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiff no later than **May 13, 2022**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **June 13, 2022**.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and *Teen-Ed v. Kimball Int'l, Inc.*, 620 F.2d 399 (3d Cir. 1980).

9.    **Dispositive Motions.** The parties shall *reserve* their rights to file dispositive motions until after the arbitration process or by leave of the Court to be sought via conference call application.

10.    **Arbitration.** This case will be scheduled for arbitration pursuant to Local Civil Rule 201.1. The Clerk will advise counsel of the time and place of arbitration. By copy of this Order, the Clerk is requested to adjourn the arbitration from a date in **March, 2022** to a date in **June, 2022**.

11.    If counsel petitions for a trial *de novo* after arbitration, the date to file dispositive motions will be scheduled.

12.    The Court will conduct a telephone status conference on **February 2, 2022 at 10:00 a.m.** Counsel shall dial **1-888-278-0296, Access Code: 2961061#** to connect to the call. At least three (3) days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist. No issue will be addressed unless the parties have first

2

conferred pursuant to Local Civil Rule 37.1(a) by speaking in-person or by telephone.   All outstanding discovery issues not raised shall be deemed waived.

13.     Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application.   The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Joseph H. Rodriguez, U.S.D.J.
James Quinlan, Arbitration Clerk

3