EXHIBIT "A"

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| BMW AUTO SALES, INC.,<br><br>**Plaintiff,**<br><br>v.<br><br>RED WOLF LOGISTICS, LLC et al.,<br><br>**Defendant.** | Civil No. 21-14647 (JHR/SAK) |

## SCHEDULING ORDER IN ARBITRATION CASE

This Scheduling Order confirms the directives given to counsel at the initial scheduling conference held pursuant to Rule 16, Federal Rules of Civil Procedure on **August 31, 2021**; and the Court noting the following appearances: **Terrell A. Ratliff, Esquire**, appearing on behalf of Plaintiff; and **Marc R. Jones, Esquire**, appearing on behalf of Defendants; and for good cause shown:

IT IS this **1st** day of **September 2021**, hereby **ORDERED**:

1.      This matter is subject to compulsory arbitration pursuant to Local Civil Rule 201.1.

2.      Each party shall file any required statement concerning the disclosure of third-party litigation funding, as set forth in Local Civil Rule 7.1.1 (eff. June 21, 2021), within ten (10) days of the date of this Order. Local Civil Rule 7.1.1 does not require the filing of a negative statement to the effect that no third-party funding exists in the case.

3.      Counsel shall make FED. R. CIV. P. 26(a) disclosures on or before **September 10, 2021**.

4.      Plaintiff's counsel shall file a letter with the Court by **September 10, 2021** stating that the parties have conferred pursuant to Local Civil Rules 26.1(b)(2) and 26.1(d) concerning discovery of digital information and advise whether the parties have agreed on computer-based and other digital discovery matters.

5.      Initial written discovery requests shall be served by **September 10, 2021**. Any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.

6.      Pursuant to Local Civil Rule 33.1(d), contention interrogatories shall not be served until sixty (60) days prior to the close of fact discovery, unless otherwise permitted by the Court.

7.      The time within which to seek amendments to the pleadings or to add new parties will expire on **December 1, 2021**. Except as otherwise permitted in the Federal or Local Rules of Civil Procedure, leave of court is necessary to file an amended pleading. Counsel shall comply with amended Local Civil Rule 15.1, which requires motions to amend to state whether the motion is opposed. Parties shall meet and confer in-person or by phone about the issue. Parties shall also attach to their motion a form of the proposed amended pleaded that indicates in what respect(s) it differs from the pleading it proposes to amend.

8.      Pretrial factual discovery will expire on **January 14, 2022**. All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1) before the expiration of pretrial factual discovery.

9.      **Discovery Applications.** Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. CIV. R. 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in-person or by telephone before making a discovery application, rather than just exchanging letters or e-mails. Any dispute not resolved shall be brought to the Court's attention by letter application and only after counsel's good faith attempt to resolve the dispute has failed. All discovery applications pursuant to Local Civil Rule 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in Local Civil Rule 37.1(b)(1). No discovery motion shall be made without prior leave of court.

10.      **Depositions.** All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).

11.      All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiff shall be served upon counsel for Defendant not later than **February 1, 2022**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiff not later than **March 1, 2022**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **April 1, 2022**

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and *Teen-Ed v. Kimball Int'l, Inc.*, 620 F.2d 399 (3d Cir. 1980).

12.     **Dispositive Motions.** The parties shall *reserve* their rights to file dispositive motions until after the arbitration process or by leave of the Court to be sought via conference call application.

13.     **Arbitration.** This case will be scheduled for arbitration pursuant to Local Civil Rule 201.1. The Clerk will advise counsel of the time and place of arbitration. By copy of this Order, the Clerk will be requested to schedule the arbitration for a date in **March, 2022.**

14.     If counsel petitions for a trial *de novo* after arbitration, the date to complete expert depositions and file dispositive motions, if not already completed, will be scheduled.

15.     The Court will conduct a telephone status conference on **December 1, 2021 at 10:00 a.m.** All counsel shall dial **1-888-278-0296, Access Code: 2961061#** to connect to the call. At least three (3) days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist. No issue will be addressed unless the parties have first conferred pursuant to Local Civil Rule 37.1(a) by speaking in-person or by telephone. All outstanding discovery issues not raised shall be deemed waived.

16.     Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Joseph H. Rodriguez, U.S.D.J.
    James Quinlan, Arbitration Clerk

EXHIBIT "B"

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

BMW AUTO SALES, INC.,

Plaintiff,

v.

RED WOLF LOGISTICS, LLC  et al.,

Defendants.

Civil No. 21-14647 (JHR/SAK)

## AMENDED SCHEDULING ORDER

This Amended Scheduling Order confirms the directives given to counsel at the status conference held pursuant to Rule 16, Federal Rules of Civil Procedure on **December 1, 2021**; and the Court noting the following appearances: **Anthony Scordo, III, Esquire**, appearing on behalf of Plaintiff; and **Marc R. Jones, Esquire**, appearing on behalf of Defendants; and for good cause shown;

**IT IS** this **1st** day of **December, 2021**, hereby **ORDERED:**

1.      This matter is subject to compulsory arbitration pursuant to Local Civil Rule 201.1.

2.      Plaintiff shall serve initial written discovery requests and respond to Defendants' initial written discovery requests by **December 15, 2021**.

3.      Contention interrogatories, if any, shall not be served prior to **January 13, 2022**, unless otherwise permitted by the Court. *See* L. CIV. R. 33.1(d) (eff. June 21, 2021).

4.      **Discovery Applications.** Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. CIV. R. 37.1(a)(1).  Absent exigent circumstances, the Court expects parties to "meet and confer" in-person or by telephone before making a discovery application, rather than simply exchanging letters or e-mails.  Any dispute not resolved shall be brought to the Court's attention by letter application and only after counsel's good faith attempt to resolve the dispute has failed.  All discovery applications made pursuant to Local Civil Rule 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in Local Civil Rule 37.1(b)(1). No discovery motion shall be made without prior leave of Court.

5.      The time within which to seek amendments to the pleadings or to add new parties will expire on **January 7, 2022**. Except as otherwise permitted in the Federal or Local Rules of Civil Procedure, leave of Court is necessary to file an amended pleading.  Counsel shall comply

with amended Local Civil Rule 15.1, which requires motions to amend to state whether the motion is opposed. Parties shall meet and confer in-person or by phone about the issue. Parties shall also attach to their motion a form of the proposed amended pleaded that indicates in what respect(s) it differs from the pleading it proposes to amend.

6.      Pretrial factual discovery is extended to **March 14, 2022**. All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1) before the expiration of pretrial factual discovery.

7.      **Depositions.** All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).

8.      All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiff shall be served upon counsel for Defendants no later than **April 13, 2022**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiff no later than **May 13, 2022**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **June 13, 2022**.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and *Teen-Ed v. Kimball Int'l, Inc.*, 620 F.2d 399 (3d Cir. 1980).

9.      **Dispositive Motions.** The parties shall *reserve* their rights to file dispositive motions until after the arbitration process or by leave of the Court to be sought via conference call application.

10.     **Arbitration.** This case will be scheduled for arbitration pursuant to Local Civil Rule 201.1. The Clerk will advise counsel of the time and place of arbitration. By copy of this Order, the Clerk is requested to adjourn the arbitration from a date in **March, 2022** to a date in **June, 2022**.

11.     If counsel petitions for a trial *de novo* after arbitration, the date to file dispositive motions will be scheduled.

12.     The Court will conduct a telephone status conference on **February 2, 2022 at 10:00 a.m.** Counsel shall dial **1-888-278-0296, Access Code: 2961061#** to connect to the call. At least three (3) days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist. No issue will be addressed unless the parties have first

conferred pursuant to Local Civil Rule 37.1(a) by speaking in-person or by telephone.  All outstanding discovery issues not raised shall be deemed waived.

13.      Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application.  The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge


cc:  Hon. Joseph H. Rodriguez, U.S.D.J.
James Quinlan, Arbitration Clerk

EXHIBIT "C"



20210816110931

AO 440 (Rev. 06/12) Summons in a Civil Action      **RETURN OF SERVICE**

SERVICE OF:     **SUMMONS, FIRST AMENDED ANSWER, SEPARATE DEFENSES, THRID PARTY COMPLAINT, COMPLAINT,**
EFFECTED (1) BY ME:    **ATTACHMENT**
TITLE:

**PROCESS SERVER**

DATE: **8·26·21**      **0815 NRS**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

☒ Served personally upon the defendant

JHD TRUCKING LLC.     *Cora Davis*

Place where served:

20 TERRACE DRIVE   MONROE  LA  71202

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

Relationship to defendant

Description of Person Accepting Service:

SEX:_____ AGE:_____ HEIGHT:_____ WEIGHT:_____ SKIN:_____ HAIR:_____ OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL$ _____.____       SERVICES $_____.____       TOTAL $ ████████

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.
Docusign Court Approved E-Signature

DATE: **8 /26 /20**                                     L.S.

SIGNATURE OF *Sgt Johnnie Robinson OPSO*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:    MARC R. JONES, ESQ.
PLAINTIFF:     BMW AUTO SALES, INC.
DEFENDANT:   RED WOLF LOGISTICS, LLC, ET AL
VENUE:        DISTRICT
DOCKET:      1 21 CV 14647 JHR SAK
COMMENT:

STATE OF NEW JERSEY

COUNTY OF UNION _____ ss:

(County where notarized)

SHERIFF SERVED CERTIFICATION

INDEX/DOCKET #: 1 21 CV 14647 JHR SAK

GSS#: 20210816110931

To Whom It May Concern:

The entity listed below was served via a Sheriff.

JHD TRUCKING LLC.

(Name of person)

20 TERRACE DRIVE

(Street address)

MONROE, LA 71202

(City/Town/Village; State; Zip Code)

Since Sheriffs are sworn officers of the Court, it is not required for them to have their signature notarized. They also are not required, to fill out the description of the person served.

(Sign your name in the presence of a Notary Public)

KYLE KAULFERS

(Print your name)

Sworn to before me this
3rd day of Sept, 20 21

SANDY L. WILSON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 9, 2024

SANDY L. WILSON
NOTARY
PUBLIC
NEW JERSEY

EXHIBIT "D"

20210816110845

| AO 440 (Rev. 06/12) Summons in a Civil Action | RETURN OF SERVICE |
|---|---|

SERVICE OF: **SUMMONS, FIRST AMENDED ANSWER, SEPARATE DEFENSES, THRID PARTY COMPLAINT, COMPLAINT,**
EFFECTED (1) BY ME: **ATTACHMENT,**
TITLE: 07. *Kenny Cloud*
**PROCESS SERVER**

DATE: *8·26·21  10:00  28m.*

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[✓] Served personally upon the defendant        *SELF*

CLIFTON HUBBARD

Place where served:

3351 HIGHWAY 594 APT. 20  MONROE LA 71203

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

Relationship to defendant

Description of Person Accepting Service:

SEX:_____ AGE:_____ HEIGHT:_____ WEIGHT:_____ SKIN:_____ HAIR:_____ OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $_____.____          SERVICES $_____.____          TOTAL $ ▉▉▉▉

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.
**Docusign Court Approved E-Signature**

DATE: *8/26/2021*                                                    _____ L.S.

SIGNATURE OF *Ar K. Cloud*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:     MARC R. JONES, ESQ.
PLAINTIFF:     BMW AUTO SALES, INC.
DEFENDANT:   RED WOLF LOGISTICS, LLC, ET AL
VENUE:          DISTRICT
DOCKET:        1 21 CV 14647 JHR SAK
COMMENT:

STATE OF NEW JERSEY

COUNTY OF __UNION_____ ss:
        (County where notarized)

SHERIFF SERVED CERTIFICATION

INDEX/DOCKET #: __1 21 CV 14647 JHR SAK__

GSS#: __20210816110845_____

To Whom It May Concern:

The entity listed below was served via a Sheriff.

CLIFTON HUBBARD

_____

(Name of person)

3351 HIGHWAY 594 APT. 20

_____

(Street address)

MONROE, LA 71203

_____

(City/Town/Village; State; Zip Code)

Since Sheriffs are sworn officers of the Court, it is not required for them to have their signature notarized. They also are not required, to fill out the description of the person served.

(Sign your name in the presence of a Notary Public)

KYLE KAULFERS

_____

(Print your name)

Sworn to before me this

3rd day of Sept, 2021.

SANDY L. WILSON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 9, 2024