UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BMW Auto Sales, Inc.,** | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | 1:21-cv-14647 |
| v. | : | |
| **Red Wolf Logistics, LLC; John Does 1-10, and ABC Business Entities 1-10** | : | Opinion |
| *Defendants*. | : | |

This matter is before the Court on the motion to remand this case back to the Superior Court of New Jersey, Atlantic County [Dkt. 10] filed by Plaintiff BMW Auto Sales, Inc. ("Plaintiff"). For the reasons provided below, the Court finds that it lacks subject-matter jurisdiction over this case and will grant Plaintiff's motion.

**I.   Background**

Plaintiff purchased a 2020 Ford Explorer (the "Car") from an auto auction in Grand Prairie, Texas. [Compl. ¶ 5]. The Complaint alleges that Defendant Red Wolf Logistics, LLC ("Defendant") transported the Car to Houston, Texas and that the Car suffered $3,266.69 worth of damage during the trip. [*See* Compl. ¶ 7]. To recover the cost of repairing the damage to the Car, Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey, Atlantic County alleging professional negligence, breach of contract, and consumer fraud under the New Jersey Consumer Fraud Act ("NJCFA"). [*See* Dkt. 1]. Defendant removed the case alleging that this Court has federal question jurisdiction to hear the case under the Carmack Amendment, 49 U.S.C. § 11706, 48 U.S.C. § 14706, and 28 U.S.C. § 1446(d), and based on diversity jurisdiction

under 28 U.S.C § 1332.  [Dkt. 1].  Defendant filed an answer and third-party complaint against JHD Trucking, Inc. ("JHD"), alleging claims for contribution, indemnification, and liability under the Carmack Amendment.  [Dkt. 3].  Defendant then filed an amended answer and third-party complaint asserting the same claims against JHD; Ryion Cooley; Quintae Conquers; Excellence Lifestyle, LLC; and Clifford Hubbard.  [Dkt. 6].  The same day, Defendant voluntarily dismissed claims against JHD.  [Dkt. 7].  Plaintiff filed the present motion to remand this case to the Atlantic County Superior Court arguing that the Court lacks subject-matter jurisdiction to hear the case.  [Dkt. 10].

## II.  Analysis

"In order to remove a case to federal court, a defendant must comply with the statutory requirements of 28 U.S.C. §§ 1441 and 1446."  *Meltzer v. Cont'l Ins. Co.*, 163 F. Supp. 2d 523, 525 (E.D. Pa. 2001).  "First, the district courts of the United States must have original jurisdiction, which requires either a federal question or diversity of citizenship of the parties."  *Id.*  (citing 28 U.S.C. §§ 1331, 1332, 1441(a); *Manos v. United Food & Com. Workers Int'l Union*, 9 F. Supp. 3d 473, 478 (D.N.J. 2014).  "Second, the defendant must file a notice of removal with the district court, containing 'a short and plain statement of the grounds for removal,' as well as 'a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.'"  *Meltzer*, 163 F. Supp. 2d at 525 (quoting 28 U.S.C. § 1446(a)).  The party seeking removal under federal statute bears the burden of demonstrating that the Court has jurisdiction to hear the case.  *Latzanich v. Sears, Roebuck & Co.*, No. 3:15-CV-2346, 2016 WL 749055, at *2 (M.D. Pa. Jan. 25, 2016), *report and recommendation adopted*, No. CV 3:15-2346, 2016 WL 727776 (M.D. Pa. Feb. 24, 2016) (quoting *Samuel–Bassett v. KIA Motors Am., Inc.*,

357 F.3d 392, 396 (3d Cir. 2004).  Courts must construe the federal removal statutes strictly and resolve any doubts in favor of remand.  *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979); *Wilson v. Hartford Cas. Co.*, 492 F. Supp. 3d 417, 423 (E.D. Pa. 2020).

Plaintiff argues that the Court lacks jurisdiction to hear this case because the Complaint—which alleges negligence, breach of contract, and violation of NJCFA—does not allege a violation of federal law.  [Dkt. 10-1 at 9].  Plaintiff also argues that removal based on diversity jurisdiction is improper because Defendant has not established complete diversity among the parties and because the case does not satisfy the $75,000 amount in controversy requirement.  [Dkt. 11-1 at 12-17].  *See also* 28 U.S.C § 1332(a); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant.").  In response, Defendant clarifies that it does not seek removal based on diversity jurisdiction.  [Dkt. 11 at 6].  Instead, Defendant argues that it seeks removal based only on the Carmack Amendment.  [*Id.*].  Defendant also argues that 49 U.S.C. § 14501(c) of the Federal Aviation Administration Authorization Act ("FAAAA") confers jurisdiction on this Court, even though Defendant did not cite or refer to the FAAAA in its removal notice.  [Dkt. 11 at 11–13].  The Court will address each of these arguments in turn.

### a. Carmack Amendment

The "Carmack Amendment" is Congress's "comprehensive" effort to create a uniform national system for "interstate carrier liability."  *Certain Underwriters at Int. at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 334–35 (3d Cir. 2014) (citing Pub. L.

No. 59–337, 34 Stat. 584; and Pub. L. No. 74–255, 49 Stat. 543); *Kotick v. Atlas Van Lines, Inc.*, No. CV 18-11916 (FLW), 2019 WL 5388163, at *2 (D.N.J. Oct. 22, 2019). The Carmack Amendment generally provides that "an interstate carrier is strictly liable for damages up to 'the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) [certain intermediary carriers].'" *Id.* (quoting 49 U.S.C. § 14706(a)(1)). Federal courts have original jurisdiction over Carmack Amendment claims "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a).

Defendant argues that the Carmack Amendment provides the sole remedies for damage sustained to the Car during transit, and that the Carmack Amendment completely preempts Plaintiff's state law claims. [Dkt. 11 at 9–10]. In other words, Defendant argues that the Carmack Amendment's preemptive force converts Plaintiff's state law claims into federal claims over which this Court has jurisdiction.

The Court rejects Defendant's argument for two reasons. First, the Carmack amendment does not apply here because the Complaint alleges that the Car was only shipped within Texas and does not allege that the parties intended the Car to be shipped out of Texas. While the Carmack Amendment applies to "**interstate**-shipping contract [and tort] claims alleging loss or damage to property," *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 336 (3d Cir. 2014) (emphasis added), the Complaint alleges a purely **intrastate** shipment of property. *See also Sony Biotechnology, Inc. v. Chipman Logistics & Relocation*, No. 17-CV-1292-AJB-WVG, 2017 WL 3605500, at *2 (S.D. Cal. Aug. 22, 2017) ("Carmack liability applies 'to the extent that passengers, property, or both, are transported by motor carrier—between a place in—a State and a place in another State[.]'" (quoting 49 U.S.C. §

4

13501(1)(A))).  The Complaint does not allege, nor does Defendant argue, that either party entered the agreement intending for the Car to cross state lines.  *See Project Hope v. M/V IBN SINA*, 250 F.3d 67, 75 (2d Cir. 2001) ("[I]f the final intended destination at the time the shipment begins is another state, the Carmack Amendment applies throughout the shipment, even as to a carrier that is only responsible for an intrastate leg of the shipment."); *Merchants Fast Motor Lines, Inc. v. I.C.C.*, 528 F.2d 1042, 1044 (5th Cir. 1976) ("It is elemental that a carrier is engaged in interstate commerce when transporting goods either originating in transit from beyond Texas or ultimately bound for destinations beyond Texas, even though the route of the particular carrier is wholly within one state.").  Because the information before the Court only suggests a shipment within Texas, the Carmack Amendment does not apply.[1]

Second, even if the Carmack Amendment does apply and completely preempts Plaintiff's state-law claims, the Court still lacks jurisdiction because the Complaint does not allege damages exceeding $10,000.  Though the Court's conclusion does not require the Court to apply the complete preemption doctrine, the Court will explain this doctrine to provide context for Defendant's arguments concerning preemption under the Carmack Amendment and the FAAAA below.

"[T]he presence of federal question jurisdiction is governed by reference to the "well-pleaded complaint" doctrine.  *Dawson ex rel. Thompson v. Ciba-Geigy Corp.*, USA, 145 F. Supp. 2d 565, 568 (D.N.J. 2001) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478

---

[1] As an exhibit to Plaintiff's Complaint in state court, Plaintiff attached what appears to be an invoice for the work done to repair the Car.  [*See* Dkt. 1-1 at 25].  Though difficult to read, it appears that a company located in New Jersey issued the invoice.  [*Id.*].  While this invoice suggests that the Car eventually reached New Jersey, the parties do not allege or argue that this was the case, or that the shipment within Texas at issue here was just one "leg" of a single shipment from Texas to New Jersey.  *Project Hope*, 250 F.3d at 75.  Thus, this invoice alone does not convince the Court that the Carmack Amendment applies.

U.S. 804, 808 (1986)).  The well-pleaded complaint doctrine makes a plaintiff the "master of the complaint," and a defendant may remove a case filed in state court only if a federal claim exists on the face of a plaintiff's complaint.  *Id.* (citing *Merrell Dow Pharms., Inc.*, 478 U.S. at 808); *Hall v. Keyes*, No. 1:21-CV-04748, 2021 WL 2660296, at *2 (D.N.J. June 29, 2021) (citations omitted).  It follows that defenses grounded in federal law generally do not establish federal question jurisdiction, even if federal law preempts a state-law claim. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

However, "a corollary" rule known as the "complete preemption doctrine" applies where "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Id.* at 393 (quoting *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987)).  "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  *Id.* (citing *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983)).  Put differently, "[c]laims that are completely preempted are necessarily federal in character, and thus are converted into federal claims."  *Mitsui O.S.K. Lines, Ltd. v. Evans Delivery Co.*, 948 F. Supp. 2d 406, 411 (D.N.J. 2013) (quoting *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999)).

To conclude that a federal statute completely preempts state law claims, a court must find that the federal statute in question provides an "alternative cause of action" for a plaintiff, and evinces "a clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law."  *Goepel v. Nat'l Postal Mail Handlers Union, a Div. of LIUNA*, 36 F.3d 306, 311 (3d Cir. 1994) (citation and quotations omitted).

There is substantial authority to support Defendant's argument that the Carmack Amendment completely preempts state-law claims preempts claims concerning damage to property incurred in interstate shipping such as those advanced here. Though the Third Circuit has not explicitly addressed the issue, it has implicitly found the Carmack Amendment satisfies both prongs required for complete preemption:

> [f]or over one hundred years, the Supreme Court has consistently held that the Carmack Amendment has completely occupied the field of interstate shipping. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it. The Court has consistently described the Amendment's preemptive force as exceedingly broad—broad enough to embrace all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation.

*Certain Underwriters at Int. at Lloyds of London v. United Parcel Service of Am., Inc.*, 762 F.3d 332, 335–36 (3d Cir. 2014) (citations and quotations omitted).[2] Given Congress's intent to "completely occupy" the field of interstate shipping and provide a uniform cause of action for disputes arising in this field, the Fifth Circuit,[3] Ninth Circuit,[4] courts in this district,[5] and district

---

[2] The Third Circuit's analysis quoted here concerns whether the Carmack Amendment barred a plaintiff's claims under "ordinary" or "express" preemption where the court's jurisdiction was not in question. "Ordinary" or "express" preemption is distinct from "complete" preemption. "State-law claims that are subject to express preemption are displaced and thus subject to dismissal. Claims that are completely preempted are necessarily federal in character, and thus are converted into federal claims." *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999) (citations and quotations omitted).

[3] *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).

[4] *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007).

[5] *Surplus Afr. Foods, LLC v. Air France*, No. CR217CV7105SDWCLW, 2017 WL 10664134, at *4 (D.N.J. Nov. 30, 2017), *report and recommendation adopted*, No. CV177105SDWCLW, 2017 WL 10664145 (D.N.J. Dec. 18, 2017); *Rising Up Garden Ctr. v. Online Freight Servs., Inc.*, No. CV 2:16-2341 (WJM), 2016 WL 3546582, at *2 (D.N.J. June 29, 2016); *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 344–45 (D.N.J.2001) (finding that state law claims for

7

courts elsewhere[6] have found that the Carmack Amendment completely preempts state-law claims concerning losses resulting from inter-state transportation. Thus, while the Third Circuit has not explicitly ruled on this issue, Defendant's complete preemption argument is well supported.

However, the Court need not decide the complete preemption issue because, even if the Carmack Amendment completely preempts Plaintiff's state-law claims, the Court would still lack jurisdiction. The Court can exercise jurisdiction over Plaintiff's Carmack Amendment claim "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a). Because this case involves a single shipment of a single car and a single bill of lading, [*see* Dkt. 11 at 6], the amount in controversy must exceed $10,000 for this Court to retain jurisdiction over Plaintiff's Carmack Amendment Claim.

Two principles are relevant in determining the amount in controversy in this case. First, "determining the amount in controversy [in a case removed from state to federal court] begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). Second, damages for Carmack Amendment claims generally equal the difference between the value of the goods when purchased and the value of the goods when delivered, but can also include all foreseeable "losses resulting from any failure to

---

breach of contract, common law fraud, violation of NJCFA, slander of credit and punitive damages were completely preempted by Carmack Amendment).

[6] *St. Pierre v. Ward*, 542 F. Supp. 3d 549, 555 (W.D. Tex. 2021); *Rehman v. Basic Moving*, No. CIV.A. 09-248, 2009 WL 1392149, at *4 (W.D. Pa. May 15, 2009); *Bear MGC Cutlery Co. v. Estes Exp. Lines, Inc.*, 132 F. Supp. 2d 937, 947 (N.D. Ala. 2001) (collecting cases) (denying motion to remand and permitting plaintiff 15 days to amend complaint to state a claim under the Carmack Amendment).

discharge a carrier's duty as to any part of the agreed transportation." *Mecca & Sons Trucking Corp. v. White Arrow, LLC*, 763 F. App'x 222, 226-27 (3d Cir. 2019) (citations and quotations omitted).

The Complaint does not allege damages exceeding $10,000. The Complaint alleges that the Car suffered damage during transport that cost $3,266.69 to repair. [Compl. ¶ 7]. Although Plaintiff seeks treble damages under the NJCFA [*see* Dkt. 1 Exh. A], the Court assumes here that the Carmack Amendment preempts the NJCFA claim, and treble damages are not available under the Carmack Amendment.[7] *See* 49 U.S.C. § 14706(a)(1) ("The liability imposed under this paragraph is for the actual loss or injury to the property…."); *Lloyds of London*, 762 F.3d at 335 ("The Carmack Amendment struck a compromise between shippers and carriers. In exchange for making carriers strictly liable for damage to or loss of goods, carriers obtained a uniform, nationwide scheme of liability, with damages limited to actual loss…."); *Margetson v. United Van Lines, Inc.*, 785 F. Supp. 917, 921 (D.N.M. 1991) ("The award of either multiple or punitive damages is inconsistent with the legislative intent of the Carmack Amendment, which allows recovery of only actual damages; the imposition of treble or punitive damages would impermissibly frustrate legislative intent."); *accord Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 379 (2d Cir. 1994); *Nichols v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104, 1108 (D. Nev. 2003) (collecting cases).

Defendant argues that the amount in controversy exceeds $10,000 because Plaintiff listed a demand of $15,082.00 on the civil cover sheet filed with the Superior Court alongside the Complaint. [Dkt. 11 at 13]. The Court rejects this argument for three reasons. First, Plaintiff

---

[7] Moreover, $3,266.69 x 3 = $9,800.07, which does not exceed $10,000.00.

9

presumably made this demand assuming that treble damages were available under the NJCFA.[8] But the Carmack Amendment would foreclose a treble damages award in this case, as mentioned above. Second, "[t]he amount in controversy is generally decided from the face of the complaint itself." *Rosenfield v. Forest City Enterps., L.P.*, 300 F. Supp. 3d 674, 677 (E.D. Pa. 2018) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)). Thus, the "court is not bound by [the civil cover sheet] when considering whether the jurisdictional requirement has been met." *Valley v. State Farm Fire & Cas. Co.,* 504 F. Supp. 2d 1, 6 (E.D. Pa. 2006). Third, Plaintiff argues explicitly that "Plaintiff simply does not seek damages in excess of $10,000.00." [Dkt. 10-1 at 16]. Thus, the demand listed on Plaintiff's civil cover sheet does not persuade the Court that the amount in controversy exceeds $10,000.

In sum, because the Car was only shipped within Texas, and because the amount in controversy alleged in the Complaint does not exceed the $10,000 statutory threshold for federal jurisdiction under 28 U.S.C. § 1337(a), the Court lacks jurisdiction to hear this case under the Carmack Amendment.

### b. FAAAA

Defendant alternatively argues that 49 U.S.C. § 14501(c) of the FAAA[9] preempts Plaintiff's state-law claims and confers jurisdiction on the Court. [Dkt. 11 at 11]. The Court

---

[8] Plaintiff's brief supports this assumption. [Dkt. 10-1 at 16–17].
[9] With certain enumerated exceptions, the FAAA states that

> a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier … or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

rejects this argument for procedural and substantive reasons. Procedurally, Defendant did not cite or refer to the FAAAA as a "ground for removal" in its removal notice to the Court. Defendant therefore failed to comply with 28 U.S.C. § 1446(a), which the Court must construe strictly in favor of remand. *Westmoreland Hosp. Ass'n*, 605 F.2d at 123; *see also Hunt v. Acromed Corp.*, 961 F.2d 1079, 1082 (3d Cir. 1992) (remanding case for technical failings in removal process even though "substantive statutory criteria for the exercise of removal jurisdiction appear to have been met"). Substantively, Defendant only argues that the FAAAA preempts Plaintiff's state-law claims, not that the FAAAA *completely* preempts Plaintiff's state-law claims. Likewise, the cases upon which Defendant relies do not address the FAAAA's complete preemption of state law claims.[10] But "[t]he difference between preemption and complete preemption is important." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995). "When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted ... the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption." *Id.* "It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." *Id.* Because Defendant fails to argue or cite authority that the FAAAA completely preempts Plaintiff's state-law claims, Defendant does not meet its burden of establishing the Court's subject-matter jurisdiction over this case. *Latzanich*, 2016 WL 749055, at *2.

---

49 U.S.C.A. § 14501(c)(1).
[10] *E.g. Lowe v. N.H. Motor Transp. Assoc.*, 552 U.S. 364, 372 (2008); *Deerskin Trading Post Inc. v. United Parcel Service of Am. Inc.*, 972 F. Supp. 665, 668 (N.D. Ga. 1997).

### III. Conclusion

For the reasons set forth above, the Court finds that Defendant has not demonstrated that the Court has subject-matter jurisdiction over this case under the Carmack Amendment or the FAAAA. The Court will therefore grant Plaintiff's motion and remand the case to the Superior Court of New Jersey, Atlantic County Vicinage for further proceedings.


March 1, 2022                                              /s/ Joseph H. Rodriguez
                                                           Hon. Joseph H. Rodriguez, USDJ